# In the United States Court of Federal Claims

No. 20-212C
(Filed: June 11, 2020)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                               *
KENNETH J. FLYNN,                              *
                                               *
            Plaintiff,                         *
                                               *
    v.                                         *
                                               *
THE UNITED STATES,                             *
                                               *
            Defendant.                         *
                                               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

### ORDER OF DISMISSAL

**WILLIAMS**, Senior Judge.

This matter comes before the Court on Defendant's motion to dismiss for lack of subject-matter jurisdiction. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background[1]

Plaintiff pro se Kenneth Flynn is a resident of Montana. Compl. ¶ 2. In October 2016, Montana state authorities charged Plaintiff with two counts of assault with a weapon, and dismissed these charges in January 2019. ECF No. 9, Ex. A at 2. Plaintiff subsequently filed suit in United States District Court for the District of Montana under 42 U.S.C. § 1983, alleging constitutional violations in connection with his state criminal prosecution. Id. at 1. The District Court dismissed Plaintiff's complaint in September 2019, and he appealed to the United States Court of Appeals for the Ninth Circuit. Id. at 1-2. On May 13, 2020, the Ninth Circuit granted Plaintiff's motion to voluntarily dismiss his appeal. See Flynn v. Pabst, No. 19-35840 (9th Cir. filed Oct. 3, 2019). On June 2, 2020, Plaintiff filed a motion to reinstate his appeal. See id.

On February 25, 2020, Plaintiff filed suit in this Court. See Compl. at 1. Plaintiff alleges various due process and discrimination claims related to his District Court case and appeal at the Ninth Circuit. See Compl. ¶¶ 1, 3. Plaintiff claims that the District Court "deliberately dismissed

---

[1] This background is derived from the complaint, Defendant's motion to dismiss, and related filings.

the case early" and failed to appoint him counsel despite his disabilities caused by "repeated concussions." Id. Plaintiff seeks to overturn the District Court's dismissal, as well as to recover $15.4 million. Id. at ¶ 4.

On April 27, 2020, Defendant filed a motion to dismiss for lack of subject-matter jurisdiction. ECF No. 9 at 1.

## Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. Reynolds v. Army v. Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations to be true and will construe the complaint in a manner most favorable to the plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), provides that this Court:

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff "must identify a separate source of substantive law that creates the right to money damages." Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) (internal citation and quotation marks omitted). "[The] claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400).

Plaintiff's complaint fails to state a claim that is within this Court's jurisdiction. This Court has no authority to review the decisions of federal district courts. Shinnecock Indian Nation v. United States, 782 F.3d 1345, 1352 (Fed. Cir. 2015) ("Binding precedent establishes that the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court."); Rohland v. United States, 136 Fed. Cl. 55, 66 (2018) ("[T]he Tucker Act does not provide the Court of Federal Claims with jurisdiction to entertain collateral attacks on decisions of state courts or federal district courts.").

This Court also lacks jurisdiction to hear Plaintiff's due process and discrimination claims. See LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Court of

Federal Claims has no jurisdiction to hear claims brought under the "Due Process Clauses of the Fifth and Fourteenth Amendments [and] the Equal Protection Clause of the Fourteenth Amendment" because these provisions "do not mandate payment of money by the government"); Sanders v. United States, 34 Fed. Cl. 75, 80 (1995), aff'd, 104 F.3d 376 (Fed. Cir. 1996) (stating that the Court of Federal Claims "does not have jurisdiction to entertain general civil rights claims that are not based upon an appropriate money-mandating provision"). To the extent Plaintiff claims that he was discriminated against due to a disability, this Court "is without jurisdiction to hear claims under the [Americans With Disabilities Act]" because the ADA "is not a statute mandating payment by the United States." Searles v. United States, 88 Fed. Cl. 801, 805 (2009).

In his response to Defendant's motion to dismiss, Plaintiff argues Defendant "has confused collateral attack with a claim for equitable relief from a judgment." ECF No. 11 at 2. Even assuming this were accurate, this Court's authority to grant equitable relief is limited to certain tax cases, bid protests, and situations where such relief is an "incident of and collateral to" a monetary judgment. 28 U.S.C. §§ 1491(a)(2)-(b), 1507-08 (2016); Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003). As Plaintiff has not alleged any such claims, this Court lacks authority to grant Plaintiff equitable relief.

### Conclusion

Defendant's motion to dismiss for lack of jurisdiction is **GRANTED**.[2]

       *Mary Ellen Coster Williams*
       **MARY ELLEN COSTER WILLIAMS**
       **Senior Judge**

---

[2] As the Court dismisses this action, Plaintiff's other pending motions, styled "Motion for Extension of Time to Appoint Counsel and to Combine Claims" and "Motion to Ensure Pro Se Pleadings Are Liberally Construed," are moot. See ECF Nos. 8, 10.